11-1745-cv
Tiberius Capital v. PetroSearch Energy Corp, *et al.*,

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 13ᵗʰ day of June, two thousand twelve.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
>
> *Circuit Judges*

TIBERIUS CAPITAL, LLC,

> *Plaintiff-Appellant*,

v.                                                          11-1745-cv

PETROSEARCH ENERGY CORPORATION, DOUBLE EAGLE PETROLEUM CO., RICHARD D. DOLE, GERALD N. AGRANOFF, RICHARD MAJERES, and DAVID J. COLLINS,

> *Defendants-Appellees.*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | BERNARD J. RHODES, Lathrop & Gage, LLP, Kansas City, MO. |
| **FOR DEFENDANTS-APPELLEES:** | PHILIP M. SMITH (Andrew M. Thomas, *on the brief*), Patton Boggs LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Tiberius Capital, LLC, ("Tiberius") appeals from a judgment entered March 31, 2011, in the District Court granting the defendants-appellees' motion to dismiss Tiberius's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and denying Tiberius's cross-motion for partial summary judgment under Federal Rule of Civil Procedure 56(c).

In its Amended Complaint, Tiberius raised claims for violations of: (1) Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder; (2) Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder; (3) Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a); and (4) Nevada Revised Statute ("NRS") § 92A.390. It also raised related claims for fraud, intentional misrepresentation, negligent misrepresentation, and breach of fiduciary duty. All of the claims arose from the merger of defendant-appellant PetroSearch Energy Corporation ("PetroSearch") into defendant-appellant Double Eagle Petroleum Company ("Double Eagle") in 2009 and relate to PetroSearch's refusal to provide dissenters' rights of appraisal to Tiberius and other dissenting shareholders.[1]

In a careful and comprehensive Memorandum and Order dated March 31, 2010, the District Court granted the defendants' motion to dismiss all claims. *See Tiberius Capital LLC v. PetroSearch Energy Corp.*, No. 09 cv 10270, 2011 WL 1334839 (S.D.N.Y. Mar. 31, 2011). Tiberius timely appealed from the District Court's judgment. Its appeal is limited to the related claims for illegal merger under NRS § 92A-390 and for breach of fiduciary duty.

We review a judgment of dismissal "*de novo*, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *S.E.C. v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011) (internal quotation marks and brackets). Our review encompasses not only the complaint, itself, but also "any documents attached thereto or incorporated by reference and documents upon which the complaint relies heavily." *Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y.*, – F.3d – , 2012 WL 1563919, at *3 (2d Cir. May 4, 2012) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*,

---

[1] Individual defendants Dole, Agranoff, Majeres, and Collins, were officers of PetroSearch.

550 U.S. 544, 555 (2007)).[2] Applying these principles, and having conducted an independent, *de novo*, review of the record on appeal, we affirm the judgment of the District Court for substantially the reasons stated in its Memorandum and Order of March 31, 2010.

As the District Court found, the doctrine of acquiescence precludes Tiberius from stating a claim upon which relief can be granted relating to improper merger under NRS § 92A-390 and breach of fiduciary duty. *See Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 15–18 (2003); *Bershad v. Curtiss-Wright Corp.*, 535 A.2d 840, 848 (Del. 1987) ("[W]hen an informed minority shareholder either votes in favor of the merger, or like Bershad, accepts the benefits of the transaction, he or she cannot thereafter attack its fairness. Since Bershad tendered his shares and accepted the merger consideration, he acquiesced in the transaction and cannot now attack it." (internal citation omitted)).

Tiberius argues it had no choice but to accept the Double Eagle shares because the Merger Agreement provided that its shares of PetroSearch would be "cancelled and extinguished [and] converted automatically . . . without any action on the part of . . . the holder of [the] shares." Appellant's Br. at 30 (quoting Agreement and Plan of Merger, App'x. 361). In fact, the Merger Agreement states that, at the close of the merger, each share of PetroSearch stock would be "canceled and extinguished and be converted automatically *into the right to receive that number of shares of [Double Eagle] Common Stock equal to the Exchange Ratio.*" Agreement and Plan of Merger, App'x. 361 (emphasis added). Thus, following the merger, PetroSearch still had to affirmatively exercise its right to receive Double Eagle shares. By doing so, before filing this lawsuit challenging the merger, it acquiesced in the merger as a matter of Nevada law. *See Cohen*, 119 Nev. at 15–16 ("[A] dissenting shareholder generally loses the right to challenge a merger's validity if he or she tenders the stock and receives the merger price *before* initiating a suit disputing the validity of the merger." (emphasis added)).

On appeal, Tiberius insists the doctrine of acquiescence does not apply because it was not fully aware that PetroSearch did not qualify for an exemption from Nevada's dissenters' rights statute for corporations with fewer than 2,000 shareholders. However, it is plain from the face of the Amended Complaint that Tiberius did know that PetroSearch had fewer than 2,000 shareholders, even if it did not know the precise number. As alleged in the Amended Complaint:

> PetroSearch ha[d] admitted on several instances in writing that it ha[d] fewer than 2,000 shareholders of record. First, Dole, in a letter to Tiberius on June 25, 2009, claimed that PetroSearch only needed approximately

---

[2] Although complaints of securities fraud are subject to the heightened pleading requirements imposed by Rule 9(b) of the Federal Rules of Civil Procedure (requiring the circumstances allegedly constituting fraud to be pleaded with particularity), the fraud-based claims in the Amended Complaint are not before us on appeal.

> 1,600 tender offer packets from Tiberius to satisfy PetroSearch's mailing requirement pursuant to Exchange Act Rule 14d-5. . . .
>
> Second, in PetroSearch's Proxy Statement that was issued on or around July 6, 2009, PetroSearch stated on page 59 that its shares were held by approximately 1,700 holders of record, fewer than the 2,000 threshold necessary to avail itself of the exemption from offering dissenters' rights under the Nevada General Corporation Law.

Am. Compl. ¶¶ 45–46.

Moreover, Tiberius itself stated in a letter dated August 5, 2009, just prior to the closing of the merger, that PetroSearch did not qualify for an exemption from having to offer dissenters' rights because "the exemption is only for companies which are either listed on a National Securities Exchange included in the national market system for the National Association of Securities Dealers, Inc. (which PetroSearch is not), or held by at least 2,000 stockholders of record (which PetroSearch is not)." *See* Am. Compl. ¶¶ 77, 107. In short, the only plausible inference that can be drawn from the facts alleged in the Amended Complaint is that Tiberius was fully aware that PetroSearch was required to provide dissenters' rights. Therefore, in accepting the merged shares prior to bringing a suit challenging the merger, Tiberius acquiesced in the merger. *See Cohen*, 119 Nev. at 15–16 .

Accordingly, we affirm the judgment of the District Court dismissing Tiberius's claims under Nevada's dissenters' rights statute, NRS § 92A-390, and for breach of fiduciary duty, inasmuch as the doctrine of acquiescence bars both claims.

## CONCLUSION

We have considered all of Tiberius's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court in its entirety.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4